UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CHAPTER 13 PLAN

Debtor(s)                                              Case No: 8:12-bk- 10239-KRM
Teresa A. McDonald

Amended Chapter 13 Plan

**CHECK ONE:**

\_\_\_\_\_ The Debtor certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

  X   The Plan contains provisions that are specific to this Plan in Additional Provisions, paragraph 5 below. Any nonconforming provisions not set forth in paragraph 5 are deemed stricken.

**1. MONTHLY PLAN PAYMENTS**: Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor[1] to pay to the Trustee for the period of 36 months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors pro-rata under the plan:

A.   $2,549.00   for months 1 through 9;
B.   $0.00*     for months 10 through 36;
C.   $         for months    through ;

in order to pay the following creditors:

*There are sufficient monies on hand to pay all creditors pursuant to this plan

**2. ADMINISTRATIVE ATTORNEY FEE: $3,750.00 TOTAL PAID $0.00**

**Balance Due $3,750.00**                **Payable Through Plan $500.00 Monthly**

**3. PRIORITY CLAIMS [as defined in 11 U.S.C. §507]:**

**Name of Creditor**                                                        **Total Claim**
_____
_____
_____
_____

_____
[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**SECURED CLAIMS:**

 **Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection.

| Name of Creditor | Collateral | Adequate Protection Pmt. in Plan |
|---|---|---|
| | | |
| | | |

 **(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments Paid through the Plan:** Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Collateral | Estimated Payment |
|---|---|---|
| | | |
| | | |

 **(B) Claims Secured by Real Property Which Debtor Intend(s) to Retain / Arrearages Paid through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor | Collateral | Arrearages |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

 **(C) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income. Absent further order of this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition:

Name of Creditor       Collateral             Payment Amt (at 31%)

_____
_____

    **(D)  Claims Secured by Personal Property to Which Section 506 Valuation is NOT Applicable Secured Balances:** Upon confirmation of the Plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

**Creditor       Collateral      Ad. Prot. Pmt.     Sec. Balance      Interest @_____%**

_____
_____
_____
_____
_____

    **(E) Claims Secured by Personal Property to Which Section 506 Valuation is Applicable:**

**Creditor       Collateral     Ad. Prot Pmt. in Plan   Value    Interest @ _____%**

_____
_____

    **(F)  Claims secured by Personal Property: Regular Adequate Protection Payments and any Arrearages Paid in Plan:**

**Name of Creditor     Collateral       Ad. Prot. Pmt. in Plan         Arrearages**

_____
_____
_____
_____

    **(G)  Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan.  The automatic stay is terminated *in rem* as to these creditors and lessors upon the filing of this Plan.  Nothing herein is intended to terminate any codebtor stay or to abrogate the Debtor's state law contract rights.  The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

**Name of Creditor**                                                    **Property/Collateral**

Westchase Master POA**                              14605 Mondavi Court, Tampa, FL

** See Paragraph 5 in Case Specific Provisions below

**(H) Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay is terminated *in rem* as to these creditors/lessors upon the filing of this Plan. Nothing herein is intended to lift any applicable codebtor stay or to abrogate Debtor's state law contract rights. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral to be Surrendered |
|---|---|
| Homeward Residential, Inc (Claim No. 1)*** | Principal Residence (14605 Mondavi Court, Tampa, FL 33626) |

***See Paragraph 5 in Case Specific Provisions below

### SECURED – LIENS TO BE AVOIDED/STRIPPED:

| Name of Creditor | Collateral | Estimated Amount |
|---|---|---|
| | | |

### LEASES/EXECUTORY CONTRACTS:

| Name of Creditor | Property | Assume/Reject-Surrender | Estimated Arrears |
|---|---|---|---|
| | | | |

**GENERAL UNSECURED CREDITORS:** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $4,150.00****.

**** See Paragraph 5 in Case Specific Provisions below

### ADDITIONAL PROVISIONS:

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate (check one)*

4

(a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

(b) __X__ shall vest in the Debtor upon confirmation of the Plan.

*If the Debtor fails to check (a) or (b) above, or if the Debtor checks both (a) and (b), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

5. CASE SPECIFIC PROVISIONS:
***Debtor is surrendering principal residence in full satisfaction of Claim No. 1 filed by Homeward Residential, Inc. There will be no further distributions to this Creditor unless and until Debtor is approved for a loan modification by lender. Debtor has provided timely all requested documents and has attended 4 separate mediation conferences (with the last conference having no one with settlement authority present). Debtor will remain in the principal residence through the modification process.

**Debtor is currently paying this Creditor direct and there are no arrearages. Debtor will continue to pay this Creditor direct unless she is not able to reach an agreement for permanent loan modification with the lender for her primary residence. In the event permanent loan modification is not possible then Debtor surrenders the principal residence in full satisfaction of this Creditor's claim(s).

****Unsecured Creditor, Empower Credit Union, was notified timely and properly of Debtor's Chapter 13 Bankruptcy. Empower Credit Union failed to file a proof of claim with the Court. As such, a Chapter 13 Discharge will discharge all debts to this Creditor without any distribution from the chapter 13 plan.

/s/ Teresa A. McDonald
TERESA A. McDONALD                                  Dated:7/7/2013

## United States Bankruptcy Court
### Middle District of Florida

In re   Teresa A McDonald                              Case No.   8:12-bk-10239
                                      Debtor(s)        Chapter    13

### DECLARATION UNDER PENALTY OF PERJURY FOR ELECTRONIC FILING

The undersigned, ____Teresa A McDonald____, declares under penalty of perjury that:

1. I have signed the original(s) of the document(s) identified below under penalty of perjury ("Verified Document(s)").

2. The information contained in the Verified Document(s) is true and correct to the best of my knowledge and belief.

3. I understand that the Verified Document(s) are to be filed in electronic form with the United States Bankruptcy Court in connection with the above captioned case.

July 7, 2013            /s/ Teresa A McDonald
Executed on (Date)      Teresa A McDonald
                        Signature of Debtor
                        or other claimant

Verified Document(s):

| Full Descriptive Title | Date Executed |
|---|---|
| Amended Chapter 13 Plan | July 7, 2013 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CHAPTER 13 PLAN

Debtor(s)　　　　　　　　　　　　　　　　Case No: 8:12-bk- 10239-KRM
Teresa A. McDonald
_____/

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Amended Chapter 13 Plan has been furnished either electronically or by regular US Mail on this 8th day of July, 2013 to:

Terry E. Smith, Trustee
PO Box 6099
Sun City Center, FL 33571

AND ALL CREDITORS / PARTIES ON THE ATTACHED LABEL MATRIX FOR LOCAL NOTICING

/s/ Gary E. Baker
Gary E. Baker, Esq.
Florida Bar No. 175765
P.O. Box 653
Brandon, FL 33509-0653
(813) 642-9402 Telephone
(813) 642-9402 Facsimile
gebaker@bakerlaw.org

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:12-bk-10239-KRM<br>Middle District of Florida<br>Tampa<br>Sun Jul  7 11:36:03 EDT 2013 | Homeward Residential, Inc. f/k/a American Ho<br>c/o Melissa A. Youngman, Esq.,<br>225 E Robinson Street. Suite 660<br>Orlando, FL 32801-4321 | K. Rodney May<br>Tampa |
| Teresa A McDonald<br>14605 Mondavi Ct<br>Tampa, FL 33626-3332 | Constance d'Angelis<br>84 Davis Boulevard, Suite 201<br>Tampa, FL 33606-3421 | AHMSI<br>4600 Regent Blvd<br>Suite 200<br>Irving, TX 75063-2478 |
| American Home Mtg Svcng, Inc<br>c/o McCalla Raymer LLC<br>225 East Robinson Street<br>Suite 660<br>Orlando, FL 32801-4321 | Department of Revenue<br>PO Box 6668<br>Tallahassee, FL 32314-6668 | Empower Credit<br>PO Box 11127<br>Syracuse, NY 13218-1127 |
| HOMEWARD RESIDENTIAL, INC.<br>c/o Robertson Anschutz & Schneid, PL<br>3010 N. Military Trail, Suite 300<br>Boca Raton, FL 33431-6393 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Waterchase Master Prop Assoc<br>Rampart Properties, Inc<br>9887 4th Street North<br>Suite 301<br>Saint Petersburg, FL 33702-8445 |
| Terry E Smith +<br>PO Box 6099<br>Sun City Center, FL 33571-6099 | Gary E. Baker +<br>Gary E Baker, Attorney at Law<br>P O Box 653<br>Brandon, FL 33509-0653 | Anila S Rasul +<br>Robertson Anschutz and Schneid, PL<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 |
| Melissa A Youngman +<br>McCalla Raymer, LLC<br>225 E Robinson Street<br>Suite 660<br>Orlando, FL 32801-4321 | Constance d'Angelis +<br>Constance d'Angelis<br>4100 W Kennedy Blvd., Ste. 322<br>Tampa, FL 33609-2290 | Note: Entries with a '+' at the end of the name have an email address on file in CMECF |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)Homeward Residential, Inc | End of Label Matrix<br>Mailable recipients    17<br>Bypassed recipients     1<br>Total                  18 |